■ In the Matter of RALPH SCHIMMEL, Respondent, v JOHN T. BISCONE, as Supervisor of the Town of Coeymans, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered January 25, 1984 in Albany

* The father was confined at Fishkill Correctional Facility.

County, which converted petitioner's proceeding, brought pursuant to CPLR article 78, into an action for declaratory judgment and declared that a resolution of the Town Board of the Town of Coeymans was invalid as an improper delegation of authority.

At the May 24, 1983 meeting of the Town Board of the Town of Coeymans, Albany County, the following resolution was adopted: "RESOLVED, that the Town Board of the Town of Coeymans does hereby authorize Supervisor John T. Biscone, pursuant to the Town Law 29, to hire and fire Non-Highway employees and otherwise administer the operation of the Town Government as authorized by Budget for the given year."

This resolution was apparently adopted to ratify respondent Town Supervisor John T. Biscone's hiring of a laborer at the town landfill and to permit respondent Biscone to hire summer and other employees. Petitioner, a member of the Town Board, was absent from the May 24, 1983 meeting and, at subsequent meetings, indicated his displeasure with this resolution. Petitioner then commenced this proceeding to challenge the aforesaid resolution. Special Term, noting that a proceeding pursuant to CPLR article 78 is not the proper method by which to review legislative action of a Town Board, converted the proceeding to a declaratory judgment action. On the merits, Special Term concluded that a town board had no authority to delegate its duty to hire and fire nonhighway employees to the town supervisor and, thus, declared the May 24, 1983 resolution invalid.* From the judgment entered thereon, respondents appeal.

Whether a town board can delegate its authority to hire and fire employees to the town supervisor is not easily answered, especially in light of opinions by the Attorney-General and the State Comptroller which address this matter in contrary fashion (compare 1977 Atty Gen [Inf Opns] 138, with 17 Opns St Comp, 1961, p 385). It is well settled, though, that when a town board can delegate its legislative authority, there must be "provided a proper standard of policy * * * as a guide for such administrative action" (59 NY Jur, Towns, § 68, p 237). Assuming, without deciding, that the Town Board can properly delegate its authority to hire and fire town employees to the Town Supervisor, we are of the view that the May 24, 1983 resolution is invalid because no standard of policy was established by the Town Board to provide a guide for the Town Supervisor to follow when

* Special Term, in response to petitioner's specific challenge to the hiring of the laborer, found this matter to be moot because a majority of the Town Board members stated under oath that they ratified the hiring of the laborer. The parties have not addressed this matter on this appeal and we, therefore, do not consider it.

hiring and firing town employees. This omission is fatal to the resolution and, therefore, the judgment declaring it invalid must be affirmed.

Judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.