■ In the Matter of CLIFFORD E. STIEBECK, Appellant, v VILLAGE BOARD OF TRUSTEES OF THE VILLAGE OF HARRISON et al., Respondents. [642 NYS2d 549] —In a proceeding pursuant to CPLR article 78 for a judgment (1) declaring Town of Harrison, Town Board Resolution No. 94-14 invalid, and (2) directing the respondent Town of Harrison to reinstate the petitioner to his position as Manager of Information Systems for the Town of Harrison with full back pay and fringe benefits, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Lange, J.), entered December 5, 1994, which, upon granting the respondents' motion pursuant to CPLR 7804 (f) to dismiss the petition, dismissed the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the motion to dismiss is denied, the petition is granted, and the Town of Harrison is directed to reinstate the petitioner to his position as Manager of Systems Information for the Town of Harrison with full back pay and fringe benefits.

This Court has recently declared Town of Harrison, Town Board Resolution No. 94-14, which granted the Town Supervi-

sor of the Town of Harrison full authority over all municipal personnel, to be invalid (*see, Matter of Paladino v Town of Harrison,* 225 AD2d 698; *see also, Matter of Schimmel v Biscone,* 107 AD2d 915, 916-917; 59 NY Jur, Towns, § 68).

Because the Town Board of the Town of Harrison could not delegate its power to hire and fire municipal personnel to the Town Supervisor by means of Town of Harrison, Town Board Resolution No. 94-14, the discharge from employment of the petitioner by the Town Supervisor was unauthorized, and the Town is directed to reinstate the petitioner with full back pay and fringe benefits. Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.